JDG:TDK:NR
F#2011R00532

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - x
                     :
IN THE MATTER OF AN APPLICATION :  SEALED AFFIRMATION
OF THE UNITED STATES OF AMERICA :  AND EX PARTE APPLICATION
FOR AN EX PARTE ORDER AUTHORIZING :
THE DISCLOSURE OF NEW YORK STATE :
TAX RECORDS.                 :
                     :

- - - - - - - - - - - - - - - - x

      NATHAN REILLY, pursuant to Title 28, United States Code,

Section 1746, affirms as follows:

      1.    I am an Assistant United States Attorney in the United

States Attorney's Office for the Eastern District of New York ("the

U.S. Attorney's Office"). In that capacity, I am one of the

Assistant United States Attorneys responsible for: (a) the

investigation of United States Congressman Michael Grimm for, among

other things, wire fraud in connection with steps he took to reduce

the Sales Tax obligations of Granny Sayz LLC, DBA Healthalicious,

("Healthalicious"), a restaurant based in Manhattan which Grimm

controlled from 2007 through 2011, through filings made with the New

York State Department of Taxation and Finance ("NYSDTF"), in

violation of Title 18, United States Code, Section 1343; and (b)

subscribing to false federal income tax filings in violation of Title

26, United States Code, 7206(1).

2.    I make this ex parte Affirmation in support of the Application of the United States Attorney for the Eastern District of New York for an order for tax returns and other information maintained by the NYSDTF, pursuant to New York State Tax Law, Articles 13, 22, and 28.   This Affirmation and Application are made pursuant to the All Writs Act, Title 28, United States Code, Section 1651; Rule 17(c) of the Federal Rules of Criminal Procedure; and the Court's inherent power, for an Order directing the NYSDTF to disclose to Loretta E. Lynch, United States Attorney for the Eastern District of New York, and her designated representatives, the books and records described below (the "Requested Records"):

> For the period, January 1, 2007 to present, certified copies of all books, records, documents, and/or files, in either electronic or paper form, or maintained on any computer software, computer hardware, or other electronic media, relating or pertaining to the entity and addressee listed in the table below (hereinafter, the "Taxpayer"), that are maintained by NYSDTF.

| Taxpayer | SSN/EIN | Address |
|---|---|---|
| Granny Sayz LLC, DBA Healthalicious | XX-XXX5195 | 1592 Second Avenue, New York, N.Y. 10028 |

The Requested Records include, but are not limited to, the items listed below.

A. Certified copies of all tax returns and accompanying documents prepared or filed by the Taxpayer, or prepared or filed by any other individual or entity on behalf of the Taxpayer, such records to include Withholding Tax returns, Sales Tax returns, and Partnership returns, as well as electronic summaries of such tax returns maintained by the Tax Department on any database.

2

B. Copies of records of any regulatory inspections, criminal investigations, or civil audits of the Taxpayer or any tax returns filed by or on behalf of the Taxpayer; records of any administrative proceedings, including proceedings before the Bureau of Conciliation and Mediation Services, and the Tax Appeals Tribunal.

C. Any records relating to any communications between NYSDTF and the Taxpayer, or any individual or entity representing the Taxpayer, by any means, including e-mails, letters, and telephone, as well as all records that memorialize such communications, including notes, reports, and entries made in the e-MPIRE database.

D. All records relating or pertaining to the collection of any debt from the Taxpayer, including, but not limited to, assessments, tax warrants, and any activities by the NYSDTF Civil Enforcement and Collection Division.

E. All tax records relating or pertaining to the Taxpayer, including, but not limited to, Sales Tax returns, Withholding Tax returns, Partnership returns, Sales Tax registration records, records concerning bulk sales assessments, and records concerning the collection of any tax debt.

F. All records from any database maintained by the NYSDTF containing information provided by third parties, relating to the Taxpayer, including, but not limited to, merchant banks.

G. Records of all payments that the Taxpayer made to NYSDTF, or that any other individual or entity made to NYSDTF on the Taxpayer's behalf, including copies of checks (front and back).

3.    For the reasons set forth below, there is reasonable cause to believe that Grimm has committed wire fraud in violation of Title 18, United States Code, Section 1343.  Through my involvement in the investigation of Grimm, I have learned that at some time between January 2007 and December 2011, Grimm had an ownership interest in Healthalicious.  In connection with this

3

investigation, the government has obtained, pursuant to search warrants, copies of emails from an email account used by Grimm to, inter alia, conduct Healthalicious business.  I have identified emails in which Grimm transmits sales figures for Healthalicious to his accountant (the "Accountant") for the purpose of permitting the Accountant to make Sales Tax filings with the NYSDTF.  I have compared the Healthalicious sales figures that Grimm provided to the Accountant for the purpose of preparing the Sales Tax filings with sales receipts recovered from the computerized cash register system used by Healthalicious during the relevant period.  This comparison revealed that Grimm reported sales receipts to the Accountant that were substantially lower than the Healthalicious' sales receipts that were captured in Healthalicious' computerized cash register system.

4.    I have reviewed the Accountant's copies of Healthalicious' New York State Sales tax returns which reveal that the Accountant used sales figures provided by Grimm to complete the sales tax returns.

5.    In addition, I have, along with agents of the Federal Bureau of Investigation ("FBI") and the Internal Revenue Service ("IRS"), spoken with a former manager of Healthalicious who was employed between 2008 and 2010.  That manager has stated that Grimm paid (and directed others to pay) Healthalicious employees a portion

of their weekly pay in cash and that the cash used to make these payments was taken directly from Healthalicious' cash sales receipts.  The manager further stated that Grimm did not report these cash payments to employees to the company that assisted him with his payroll or to the Accountant and that, accordingly, these cash payments were "off the books."

6.   For the reasons set forth below, there is also reasonable cause to believe that Michael Grimm has subscribed to material false federal income tax returns in violation of Title 26, United States Code, Section 7206(1).  I have reviewed the Form 1065 federal income tax returns filed by Healthalicious for 2008 through 2010.  Michael Grimm subscribed to Healthalicious' 2008 and 2009 federal tax returns.  Additionally, I have reviewed emails sent to and from Michael Grimm which show that Grimm provided information to the Accountant to complete the 2010 Healthalicious federal tax return.  I have compared the gross sales receipts for Healthalicious in each of the 2008 through 2010 federal tax income tax returns with, as described above, the sales receipts recovered from the computerized cash register system used by Healthalicious from 2008 through 2010.  With respect to each year, the gross sales receipts reported in the federal tax return is significantly lower than the sales receipts tabulated and stored in Healthalicious' computerized cash register system.  Because these misstatements resulted in the

5

filing of material false tax returns for 2008 through 2010, there is probable cause to believe that Michael Grimm violated 26 U.S.C. § 7206(1).[1]

       7.   In order to assist in this investigation, the U.S. Attorney's Office needs to review all New York State Sales Tax returns, Withholding Tax returns, and Partnership returns, and other tax returns filed during the period, 2007 to the present, by Healthalicious, as well as any related documents and return information in the possession, custody or control of the NYSDTF such as records of contacts between Michael Grimm and the NYSDTF. Such Sales Tax information, in particular, records showing contacts between Michael Grimm and NYSDTF, and records of payments made to NYSDTF on behalf of Healthalicious, is probative of whether Healthalicious's filings with the NYSDTF contain false information. In addition, the U.S. Attorney's Office needs to review all New York State Partnership Return filings for Healthalicious from 2007 through the present, and compare the gross receipts presented in those filings with the gross receipts reported in Healthalicious' Form 1065 federal tax returns.

---

[1] Grimm did not subscribe to Healthalicious' 2010 federal income tax return. Nonetheless, there is probable cause to believe that his willful aiding in the preparation of a fraudulent material constituted a violation of Title 26, United States Code, Section 7206(2).

8. The U.S. Attorney's Office has been informed by the NYSDTF that, as a result of state law protecting the privacy of tax return information, the NYSDTF is not permitted to comply with a subpoena calling for the production of New York State tax returns and related information, such as records relating to inquiries regarding tax refunds, unless compelled to do so by court order. Such an order compelling the disclosure of tax return information has been held to be appropriate when: (a) there is cause to believe specific criminal acts have been committed; (b) there is reasonable cause to believe that the return information may be probative of a matter at issue; and (c) the disclosure is sought solely for use in a federal criminal investigation and cannot reasonably be obtained under the circumstances from any other source (collectively, the "Hampers factors"). See In re Hampers, 651 F.2d 19 (1st Cir. 1981) (creating balancing test between state privacy rules for tax returns and federal grand jury subpoenas; and holding that, although state law barred the disclosure of state tax records to federal grand jury, federal court would grant such records only the same limited immunity that Congress had afforded federal tax records sought by a federal grand jury). In addition, in previous similar requests from the U.S. Attorney's Office, the NYSDTF has agreed to provide the requested returns upon service of an order of this Court.

7

9.    The Requested Records are sought exclusively for use in investigating and prosecuting the federal criminal violations described herein and any other federal criminal violations that are discovered during the course of the investigation.  Loretta E. Lynch, the United States Attorney, Christina B. Dugger, First Assistant United States Attorney, Marshall L. Miller, Chief, Criminal Division, Carolyn Pokorny, Deputy Chief, Criminal Division, James McGovern, Deputy Chief, Criminal Division, James D. Gatta, Chief, Public Integrity Section, Anthony Capozzolo, Assistant United States Attorney, Todd Kaminsky, Assistant United States Attorney, and I are engaged in the investigation and prosecution of these criminal acts.  No disclosure will be made to any other person, except in accordance with the provisions of Title 26, United States Code, Section 6103 and applicable regulations.  See 26 U.S.C. § 6103(i)(1)(B)(iii).

10.    As indicated below, this Application is authorized by Loretta E. Lynch, United States Attorney for the Eastern District of New York.  See 26 U.S.C. § 6103(i)(1)(B).

11.    Accordingly, the U.S. Attorney's Office respectfully requests that the Court order the NYSDTF to provide the U.S. Attorney's Office with the Requested Records.  Applying the Hampers factors, it is apparent that: (a) there is reasonable cause to believe that (i) Michael Grimm committed wire fraud in connection

with steps he took to reduce the Sales Tax obligations of Healthalicious and (ii) Michael Grimm underreported the income Healthalicious received, thereby reducing its tax liability; (b) the returns and related documents sought are probative of those issues; and (c) the official filed tax returns are sought solely for the basis of a federal criminal investigation and the information contained therein cannot be obtained from other sources.

12. The U.S. Attorney's Office has been working on this investigation with, among other agencies and offices, including, but not limited to, the FBI and the IRS. Based on my conversations with Associate Attorney Robert B. Eisman, NYSDTF, I represent that the NYSDTF has requested that the U.S. Attorney's Office obtain the order sought in this Application so that the NYSDTF can share information subject to tax secrecy with the U.S. Attorney's Office and that the NYSDTF does not oppose the Order sought by the U.S. Attorney's Office in this Application.

13.   In addition, because the materials sought in this Affirmation and Application are intended for use in an ongoing criminal investigation, the U.S. Attorney's Office respectfully requests that this Affirmation and Application, as well as any order issued by the Court, be sealed until further order of the Court, except that copies of this Affirmation and Application and any Order issued by the Court may be retained by the U.S. Attorney's Office and the investigating agency or agencies involved, and a copy of the Order may be served upon the NYSDTF.  See United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988) (identifying protection of secrecy of Grand Jury matters and ongoing criminal investigation as compelling interest that can outweigh public's qualified right of access to judicial documents).

14.   No prior request for the relief sought herein has been made.

WHEREFORE, the U.S. Attorney's Office respectfully requests that this Court grant the within Application and that the Court's Order, this Affirmation and Application and the minutes of

10

any and all proceedings in connection herewith be sealed and
impounded by the Clerk of this Court.

> Respectfully Submitted,
>
> _____
> Nathan Reilly
> Assistant United States Attorney
> Telephone: (718) 254-6196

Dated:   Brooklyn, New York
         March 17, 2014

Pursuant to Title 26, United States Code, Section
6103(i)(1)(B), as amended, I hereby authorize the within
application.

> _____
> LORETTA E. LYNCH
> United States Attorney
>
> BY: _____
> ACTING UNITED STATES ATTORNEY
> PURSUANT         C.F.R. C.131

Dated:   Brooklyn, New York
         March 17, 2014

11